IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2170-BO

| | |
|---|---|
| VICTOR PERKINS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **ORDER** |

Victor Perkins ("petitioner") filed this habeas petition pursuant to 28 U.S.C. § 2241. This matter is again before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief.[1] Petitioner Perkins argues that 18 U.S.C. § 4246 is unconstitutional because there are no sentencing guidelines for violations of conditional release.

As background, on November 6, 1992, the Honorable W. Earl Britt of this court entered an order that Perkins be committed to the care and custody of the Attorney General pursuant to 18 U.S.C. § 4246(d). United States v. Perkins, No. 5:92-HC-654-BR2, D.E. # 1 and # 57 (explaining history). Perkins has been conditionally released on numerous occasions since that time. Id. D.E. # 7 (March 24, 1995, Order granting conditional release), D.E. # 15 (August 14, 1998, Order revoking conditional release after warrant, arrest, and competency hearing), D.E. # 28 (December 14, 1999, Order granting conditional release), D.E. # 30 (January 6, 2000, Order granting motion for

---

[1] On June 6, 2009, the matter was originally filed in this district, but because he was housed at the Federal Medical Center at Rochester, Minnesota, proper venue was found to be where he was confined and transferred by court order October 21, 2009. (Order, D.E. # 10, In re Jones, 226 F.3d 328, 332 (4th Cir. 2000)) Thereafter, on July 19, 2010, the matter was transferred back to this district. (D.E. # 40, Order) No further review has been undertaken. While 28 U.S.C. § 1631 gives the court discretion to transfer a civil action if it is in the interest of justice, the court concludes it is not in the interest of justice to transfer this case a third time.

revocation of conditional release and ordering a bench warrant to be issued), D.E. # 50 (July 5, 2001, order granting conditional release), D.E. # 55 (August 28, 2001, Order revoking conditional release order dated July 5, 2001), D.E. # 59 (December 21, 2001, Order of conditional release), D.E. # 61 (April 1, 2002, Order granting motion for revocation of conditional release and issuing bench warrant), D.E. # 63 (August 28, 2002, Order granting motion to revoke conditional release), D.E. # 74 (April 2, 2003, Order that respondent meets criteria for commitment), D.E. # 82 (April 6, 2004, Order that respondent meets criteria for commitment), D.E. # 84 (July 12, 2004, Order of conditional release), D.E. # 91 (Order granting revocation of conditional release after competency hearing), D.E. # 103 (May 10, 2006, Oder that respondent meets criteria for commitment), D.E. # 117 (October 3, 2007, Order that respondent meets criteria for commitment), D.E. # 131 (October 7, 2008, Order that respondent meets criteria for commitment), D.E. # 141 (October 5, 2009, Order that respondent meets criteria for commitment), D.E. # 143 (October 22, 2009, Order of conditional release), and D.E. # 164 (June 1, 2010, Order granting revocation of conditional release). Much appellate litigation has also been undertaken. (See docket)

The statutory framework of 18 U.S.C. § 4246 permits civil commitment in accord with procedures that ensure fairness and accuracy of the commitment process. See Perkins v. Bredenberg, No. 5:04-CT-903-H, at 2 (E.D.N.C. Jan. 24, 2005), aff'd, 133 Fed. App'x 888, 2005 WL 1395129 (4th Cir. June 14, 2005) (per curiam) (unpublished); United States v. Sahhar, 917 F.2d 1197, 1203-04 (9th Cir. 1990). Section 4246 provides for mandatory periodic review of the commitment decision, as well as hearings to determine whether continued confinement is warranted. See 18 U.S.C. § 4246(e). The docket in case no. 5:92-HC-654-BR (E.D.N.C.) reflects that the statutory requirements have been met. Because these requirements are in place, petitioner's involuntary commitment under section 4246 does not violate due process. See e.g., United States v. Evanoff,

10 F.3d 559, 563 (8th Cir. 1993). Petitioner's habeas corpus petition is DISMISSED. Having so determined, all pending motions are DENIED (D.E. # 45, 47, and 48). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 10 day of March 2011.

                                              TERRENCE W. BOYLE
                                              United States District Judge